IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TARIQ AYYAD,

    Movant,

  v.

UNITED STATES DEPARTMENT OF
HOUSING AND URBAN DEVELOPMENT,
OFFICE OF THE INSPECTOR GENERAL,

    Respondent.
                                        /

No. C 06-80164 MISC WHA

**ORDER DENYING MOTION TO QUASH SUBPOENA**

## INTRODUCTION

Movant Tariq Ayyad moves for an order preventing respondent Office of Inspector General of the Department of Housing and Urban Development from obtaining access to his financial records. Movant fails to support his motion with the sworn statement required to obtain relief. The motion therefore is **DENIED**.

## STATEMENT

Movant was a landlord who participated in the Section 8 subsidized-housing program operated by the United States Department of Housing and Urban Development. He rented a property to tenants at a reduced price and, in return, received payments from the Housing Authority of the City of Napa. He received those payments in his bank account electronically. He allegedly transferred ownership of the property to a different person in November 2003 but continued to receive the government payments, as if he were still the landlord, until April 2004. Respondent investigated whether movant had received payments to which he was not entitled.

1  In June, respondent subpoenaed the records of the bank where movant had the relevant account
2  (Salom Decl. ¶¶ 6–9, Exh. 1).

**ANALYSIS**

A bank customer such as movant whose records are subpoenaed can move to quash the subpoena. To win any relief, the movant timely must file "an affidavit or sworn statement . . . stating [among other things] . . . the applicant's reasons for believing that the financial records sought are not relevant to the legitimate law enforcement inquiry stated by the Government authority in its notice, or that there has not been substantial compliance with the provisions of this chapter [Chapter 35 of Title 12 of the United States Code]." 12 U.S.C. 3410(a).

Movant did not file the statement described above. He stated only that the records sought were not relevant to the inquiry because "Bank statement are record off deposit made from HUD To my Account and check were written to pay landlord or owner of property @ the time" [sic] (Sworn Statement of Movant). This is not a statement of movant's reasons for believing that the financial records were irrelevant to the inquiry. In fact, the statement *supports* the conclusion that the records *were* relevant. If the records show, as movant attests, that the deposits were made, that in itself would make the records relevant. If they show that movant paid the money to the new owner of the property, that also would be relevant to show whether he was pocketing government money to which he had no right, or perhaps was passing it on to the rightful recipient.

"If the court finds that . . . there is a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry, it shall . . . in the case of an administrative summons . . . order such process enforced." 12 U.S.C. 3410(c). Based on the foregoing facts, this order finds that the inquiry is legitimate and the records are relevant to it.

**CONCLUSION**

Because movant did not file the documents necessary to take the first step toward quashing the subpoena, the Court cannot grant relief. The motion therefore is **DENIED**. The

1  inquiry is legitimate and the records are relevant to it.  The Court therefore orders that the
2  subpoena be **ENFORCED**.

4      **IT IS SO ORDERED.**

6  Dated:  September 5, 2006



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE